UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD J. HUERTH,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHEM INSURANCE COMPANIES INC.,<br>ANTHEM UM SERVICES, INC.,<br>VERIZON MEDICAL EXPENSE PLAN<br>FOR NEW YORK AND NEW ENGLAND<br>ASSOCIATES, and<br>MILTON HEALTHCARE LLC,<br><br>    Defendants. | Civil Action No. 15-cv-13568 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants Anthem Insurance Companies Inc., Anthem UM Services, Inc., and Verizon Medical Expense Plan for New York and New England Associates (together, the "Removing Defendants") file this Notice removing this action from the Massachusetts Superior Court for Norfolk County to this Court. The Removing Defendants remove this action because it involves claims by Plaintiff to recover benefits and enforce rights under an employee welfare benefit plan (health insurance plan) whose claims are governed exclusively by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 ("ERISA"). As grounds for removal, the Removing Defendants state as follows:

**BACKGROUND**

1. On September 14, 2015, Plaintiff Richard J. Huerth commenced a civil action against the Removing Defendants and Milton Healthcare LLC ("Milton") (together, the "Defendants") in the Massachusetts Superior Court for Norfolk County, which is captioned and docketed as *Huerth v. Anthem Insurance Companies Inc., et al.*, Civil Action No. 1582-01179 B.

2.     The Verified Complaint alleges, *inter alia,* that Plaintiff receives "lifetime health insurance under an ERISA-covered and Verizon-sponsored group health care plan-The Verizon Medical Expense Plan for New York and New England Associates" (the "Plan") (¶ 11) pursuant to which the Removing Defendants denied certain coverage to Plaintiff at various times beginning in January 1, 2013 (*see, e.g.*, ¶ 45).  The Verified Complaint specifically sets forth a "Claim for Benefits under ERISA § 502(A)(1)(B)" and a "Claim for Attorneys' Fees Under ERISA § 502" (Counts I and II), as well as claims of "Promissory Estoppel, Equitable Estoppel, and/or Reasonable Reliance" and "Breach of Contract" under state law (Counts III and IV), against the Removing Defendants.  The Verified Complaint alleges that Plaintiff's state law claims against Milton – Violation of M.G.L. c. 93A, Conversion, Negligence, Breach of Contract, Promissory Estoppel/ Equitable Estoppel/Reasonable Reliance, and Abuse of Process (Counts I through VI) – stem from its subsequent efforts to seek payment from Plaintiff on the claims denied by the Removing Defendants under the Plan (*see* ¶ 78).

3.     A copy of the Verified Complaint received by each of the Removing Defendants is filed herewith as <u>Exhibit A</u>.  Copies of the "Summons and Order of Notice" received by each of the Removing Defendants are filed herewith as <u>Exhibit B</u>.

4.     Contemporaneous with the filing of this action, Plaintiff also filed an omnibus Emergency Petition for Preliminary Injunctions against both Milton and the Removing Defendants.  After a hearing on September 17, 2015, the Norfolk County Superior Court denied Plaintiff's Petition.  A copy of the Court's September 21, 2015 Order denying Plaintiff's Emergency Petition for Preliminary Injunctions is filed herewith as <u>Exhibit C</u>.

4836-4397-6489.1

5. On September 24, 2015, Plaintiff filed returns of service for all Defendants in the Norfolk County Superior Court. A copy of the as-filed package containing the returns of service is attached hereto as Exhibit D.

6. Exhibits A through D comprise all process and pleadings that the Removing Defendants have received in this action.[1]

7. The parties have agreed to extend the date by which all Defendants must answer or otherwise respond to the Verified Complaint to October 23, 2015.

## THIS NOTICE IS TIMELY FILED

8. Each of the Removing Defendants was served with the Verified Complaint and Summons on September 15, 2015. This Notice is therefore timely filed under 28 U.S.C. § 1446(b). Copies of the as-filed returns of service for each of the Removing Defendants are included within Exhibit D.[2]

## BASIS FOR REMOVAL

9. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims against the Removing Defendants arising under the laws of the United States: specifically, the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 ("ERISA") (Counts I and II against the Removing Defendants in the Verified Complaint).

10. Plaintiff's state law claims against the Removing Defendants (Counts III and IV against the Removing Defendants in the Verified Complaint) are completely preempted by ERISA. *See Fernandez-Vargas v. Pfizer*, 522 F.3d 55, 59 (1st Cir. 2008) ("because ERISA completely preempt[s] a state law cause of action, a claim coming within the scope of that cause

---

[1] Certified copies of all records in the Superior Court, including all other papers filed by Plaintiff, will be submitted to the Court in accordance with Local Rule 81.1.

[2] While the cover letter to Exhibit D incorrectly states that the Removing Defendants were served on September 14, 2015, the Federal Express priority overnight signature confirmations attached thereto show that each Removing Defendant received the Summons and Verified Complaint on September 15, 2015.

3

of action, even if pleaded in terms of state law, [is] actually based in federal law") (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004)).

11. This Court has supplemental jurisdiction over Plaintiff's state law claims against Milton (Counts I through VI against Milton in the Verified Complaint) pursuant to 28 U.S.C. § 1367 because those claims "form part of the same case or controversy" as the claims over which the Court has original jurisdiction.

12. All named Defendants, including non-removing Defendant Milton, consent to the removal of this action.

13. Accordingly, the entire Action and all claims asserted in the Verified Complaint may be removed to this Court under 28 U.S.C. § 1441(a).

\* \* \* \* \*

14. This Notice of Removal is filed subject to and with full reservation of rights. No admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, motions, and pleas are expressly reserved.

15. A copy of this Notice will be filed with the Clerk of the Massachusetts Superior Court for Norfolk County and served on Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

Respectfully submitted,

ANTHEM INSURANCE COMPANIES INC., ANTHEM UM SERVICES, INC., and VERIZON MEDICAL EXPENSE PLAN FOR NEW YORK AND NEW ENGLAND ASSOCIATES,

By their attorneys,

/s/ Geoffrey M. Raux
Geoffrey M. Raux, BBO# 674788
Jaclyn V. Piltch, BBO# 682945
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, Massachusetts 02199
Tel. 617.342.4000
Fax. 617.342.4001
graux@foley.com
jpiltch@foley.com

Dated:  October 14, 2015

4836-4397-6489.1

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 14, 2015, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing. Any party not receiving electronic notice will be served by U.S. Mail.

/s/ Geoffrey M. Raux
Geoffrey M. Raux